# UNITED STATES COURT OF APPEALS

**FOR THE FOURTH CIRCUIT**

UNPUBLISHED

UNITED STATES OF AMERICA,

  *Plaintiff-Appellee,*

v.

TYRONE NEHRU BARNER,

  *Defendant-Appellant.*

No. 01-4729

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-01-172)

Submitted: August 2, 2002

Decided: September 23, 2002

Before WILKINS, NIEMEYER, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

David Lassiter, Jr., JEFFERSON & LASSITER, Richmond, Virginia,
for Appellant. Paul J. McNulty, United States Attorney, Stephen W.
Miller, Assistant United States Attorney, Richmond, Virginia, for
Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Tyrone Nehru Barner challenges his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(a)(2) (2000). Barner argues that the district court erred in denying his motion to suppress a firearm seized incident to his arrest.

We review the district court's findings of fact on a denial of a motion to suppress for clear error and its legal conclusions de novo. *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). In addition, we construe the evidence in the light most favorable to the government, the party who prevailed below. *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998).

Three police officers responded to an anonymous tip that a man known as "Rone" who had an outstanding arrest warrant was having his hair braided on a porch at a certain address in the City of Richmond. While en route to the location, one of the officers was informed by another police officer that "Rone" drove a vehicle with the vanity license plate "SOLDIER" and that he was known to be armed. A record check revealed that the vehicle with the described vanity plate was registered to Barner and there was an outstanding warrant for his arrest.

Upon arrival, one officer approached Barner on the porch while the other officers remained on the ground nearby. The officer explained to Barner that they had received a call that a person with an outstanding arrest warrant was at that location. Barner denied that he was wanted and agreed to show the officers his identification. Upon confirming his identity, the officers placed Barner under arrest. The officers recovered a firearm from Barner's back pocket during a search incident to his arrest. Because nothing in the record suggests that a reasonable person in Barner's position would have believed he could not terminate the encounter prior to the confirmation of his identity, there were no Fourth Amendment implications, and, therefore, no basis for suppressing the firearm. *See United States v. Gray*, 883 F.2d 320, 322 (4th Cir. 1989). In any event, we also conclude the officers

had a reasonable, articulable suspicion to approach Barner and question him. *See Terry v. Ohio*, 392 U.S. 1 (1968).

We therefore affirm the denial of Barner's motion to suppress and his resulting conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*